On Application for Rehearing.
 

 PER CURIAM.
 

 On application for rehearing, counsel for plaintiff call our attention to a slight error we made in speaking of the laying out of the Old Haynesville-Shongaloo Road. We quoted a paragraph from the original opinion written by the trial judge, in which he stated that in 1896, on the petition of citizens, the police jury proceeded to lay out and open this road “through free-holders appointed by it for that purpose.” Elsewhere in our opinion, in speaking of the laying out of this road, we used the word “freeholders”. The trial judge wrote a supplemental opinion in which he said that he had erred in saying that the police jury had appointed “freeholders”, because, in the police jury proceeding with reference to the laying out of this road, it is said that the road was laid out by “reviewers”. He said, however, in his supplemental opinion that he thought that made no difference, because it was perfectly evident that the police jury intended to proceed according to law in the laying out of the road. We concur in the view expressed by the district judge that the fact that those who laid out the road were referred to in the police jury proceeding as “reviewers” instead of as “freeholders”, as used in the statute, is wholly immaterial, since it clearly appears that the road was laid out and immediately thereafter began to be used by the public as a public road, and has been used as such ever since 1896, a period of about 50 years.
 

 In the course of our opinion, referring to the case of Frierson v. Police Jury of Caddo Parish, we said that “counsel for plaintiff suggest that the ruling there has no application to the issue involved in the case at bar.” We erred in that statement, for the facts are that counsel for plaintiff not only cited but relied on that case. However, this error, like the other, does not affect our holding that the fee title to> the roadbed is not now, and has never been, vested in the public.
 

 Rehearing refused.